UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN WILLINGHAM and<br>MARIA WILLINGHAM,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE CO.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7:26-CV-00010 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Juan and Maria Willingham own property in Pharr, Texas, that sustained storm damage in April 2023. (Dkt. No. 1-2 at 3). Defendant Allstate Vehicle and Property Insurance Company ("Allstate") insured the home. (*Id.*). The Parties dispute the amount of loss covered by the insurance policy. Plaintiffs filed suit in Texas state court against Allstate and Dustin Cloud, an Allstate adjuster. Allstate removed the case to federal court.

Pending before the Court is Plaintiffs' Motion to Remand. (Dkt. No. 5). For the following reasons, the Court **DENIES** the Motion and **DISMISSES** Defendant Cloud as improperly joined.

## I.      BACKGROUND

In April 2023, Plaintiffs' property was damaged by a storm, so they made a claim to Allstate for damages and repairs in the amount of $176,546.67. (Dkt. No. 1-2 at 4). Allstate sent Dustin Cloud to inspect the property. (*Id.*). Cloud found that the damage

suffered was caused completely by "an unknown peril" and that there was no covered storm damage.  (*Id.*).

On November 3, 2025, Plaintiffs sued Allstate in state court in Hidalgo County for breach of contract, Texas Insurance Code violations, breach of the duty of good faith and fair dealing, and Texas Deceptive Trade Practice Act violations.  (Dkt. No. 1-2 at 7–18). On December 9, 2025, Allstate filed its Original Answer, (Dkt. No. 1-3), and filed an Amended Answer the next day, (Dkt. No. 1-4).  On December 11, 2025, Allstate elected under Chapter 542A of the Texas Insurance Code to take legal responsibility and accept whatever liability Cloud might have to Plaintiffs related to their claims.  (Dkt. No. 1-5). The state court dismissed Cloud with prejudice as a result on December 15, 2025.  (Dkt. No. 1-6).  Allstate then removed the case to this Court based on diversity jurisdiction on January 9, 2026.  (Dkt. No. 1).

Plaintiffs filed a Motion to Remand on February 5, 2026.  (Dkt. No. 5).  Allstate did not respond to the Motion.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994), and may only hear cases that present a federal question or satisfy the requirements for diversity jurisdiction, *see* 28 U.S.C. §§ 1331, 1332.  If a case meets one of these two requirements for federal subject-matter jurisdiction, the defendant (or defendants) may remove the action from state to federal court.  *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

2

To determine whether federal subject-matter jurisdiction exists, courts examine the plaintiff's state-court petition as it stood at the time of removal. *Manguno*, 276 F.3d at 723. Therefore, to remove a case on diversity-jurisdiction grounds—as Allstate has done here, (Dkt. No. 1 at 2)—two conditions must be met at the time of removal: (1) there must be complete diversity of citizenship between the parties, and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

The removing party bears the burden of establishing that subject-matter jurisdiction exists and that removal is proper. *Manguno*, 276 F.3d at 723. Notice of removal must be filed within 30 days of a defendant's receipt of the initial pleadings. 28 U.S.C. § 1446(b)(1). If, however, the initial pleadings do not state a removable case then a notice of removal may be filed within 30 days of defendant's receipt of "a copy of an amending pleading, motion, order or other paper from which it may first be ascertained that the case is" removable. *Id.* at (b)(3). The removal statute is strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. *Manguno*, 276 F.3d at 723; *see also Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

## III.   DISCUSSION

### A.   DIVERSITY

The Court begins, as is required, by considering whether diversity jurisdiction existed on January 9, 2026—the date Allstate removed the case. *Manguno*, 276 F.3d at 723. Neither party disputes that the amount-in-controversy requirement was met. (Dkt. No. 5 at 3); (Dkt. No. 1 at 4–6). The issue is whether complete diversity existed. While

Plaintiffs, Texas citizens, are diverse from Allstate, an Illinois citizen, (*see* Dkt. Nos. 12, 13), the defendant dismissed by the state court, Cloud, is a Texas citizen that would destroy diversity if included, (*see* Dkt. No. 1-2 at 2).  That the state court dismissed Cloud does not mean that he is terminated as a party to the case.  *See Davis v. Allstate Vehicle & Prop. Ins. Co.*, 622 F.Supp.3d 333, 336 (N.D. Tex. 2022) ("[E]ven if the motion to dismiss [the non-diverse defendant] was granted by the state court, such an order is only interlocutory under Texas law and thus does 'not terminate [a defendant's] status as a party to the case.'") (quoting *Madison v. Williamson*, 241 S.W.3d 145, 156 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)).  The Court therefore considers whether Allstate's election under Section 542A.006 renders Cloud an improperly-joined defendant at the time of removal.

The Fifth Circuit notes that "a district court must disregard, for diversity jurisdiction purposes, the citizenship of an improperly joined defendant."  *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020).  In *Smallwood v. Ill. Cent. R.R. Co.*, the Fifth Circuit articulated two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  385 F.3d 568, 573 (5th Cir. 2004) (en banc).  The Fifth Circuit further noted that "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  *Id.* at 574.

Because Allstate does not argue that Plaintiffs' pleadings fraudulently state jurisdictional facts, only the second *Smallwood* prong applies.  To meet this prong, there must be "no reasonable basis for the district court to predict that [Plaintiffs] might be able

to recover against [Cloud]." *Id.* at 573. A court may make this determination in one of two ways: (1) by conducting a "Rule 12(b)(6)-type analysis" that involves "looking initially at the allegations of the complaint" to determine whether it alleges a state-law claim against the in-state defendant, or (2) by piercing the pleadings and conducting a summary inquiry. *Id.*

While the latter approach is within a court's discretion, the motive of the joinder is irrelevant, and the court should avoid the "heavy risk of moving . . . beyond jurisdiction and into a resolution of the merits." *Id.* at 574. "Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

In this case, the Court addresses the issue under the "Rule 12(b)(6)-type analysis." Plaintiffs cannot state a cause of action against Cloud because of Allstate's election to accept liability on his behalf. Texas Insurance Code § 542A.006(a) states that an insurer may "accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." If the insurer makes this election after the claimant has filed suit, "the court shall dismiss the action against the agent with prejudice." Tex. Ins. Code Ann. § 542A.006(c). Not only did Allstate make an election to shoulder Cloud's potential liability, the state court ordered the dismissal of Cloud from the case entirely. After these events, no possibility of recovery by Plaintiffs against Cloud existed. *See Adv. Indicator & Manuf., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 472 (5th Cir. 2022) (per curiam). As a result, Cloud is improperly joined.

5

The voluntary-involuntary rule does not prevent removal here.  Under that rule, "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff."  *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967).  Because Allstate's Section 542A.006 election was an action of a defendant, it at first appears that it cannot make the case removable.  However, the Fifth Circuit has held that "the voluntary-involuntary rule is inapplicable if the agent is improperly joined at the time of removal," including when a defendant is improperly joined following a Section 542A.006 election.  *Adv. Indicator & Manuf., Inc.*, 50 F.4th at 474.  Thus, even assuming Cloud was properly joined when Plaintiffs first commenced the suit before Allstate's election, the election rendered him improperly joined at the time of removal, which, again, is the relevant time period.  *Id.* at 474–75; *Manguno*, 276 F.3d at 723.  The Court therefore disregards Cloud's citizenship and finds that complete diversity existed at the time of removal.

## B.   TIMELINESS

The Court next determines whether the removal was timely.  In their Motion to Remand, Plaintiffs argue that Allstate's removal was untimely because it was filed more than 30 days after Allstate was served with Plaintiffs' original petition.  (Dkt. No. 5).  According to Plaintiffs, because Allstate was served with the original petition on November 10, 2025, the deadline to remove the case was December 10, 2025, making their January 9, 2026, removal late.  (*Id.*).

Allstate has not responded to the Motion to Remand.  However, in its Notice of Removal, Allstate states that the case was not removable based on the original petition

because it joined Dustin Cloud, a non-diverse defendant. (Dkt. No. 1 at 3–4). It was only after Allstate's election, (Dkt. No. 1-5), and the state court's dismissal of Cloud as a defendant, (Dkt. No. 1-6), that the case became removable, (Dkt. No. 1 at 3–4). Because Allstate filed its Notice of Removal within 30 days of both of these events, it asserts that removal was timely. (*Id.* at 6).

Allstate is correct that the case was not removable when it was first served with Plaintiff's original petition because of Cloud's proper joinder as a defendant. It was only after Allstate filed its written election under Section 542A.006 on December 11, 2025, that Cloud's joinder became improper and made removal possible. (Dkt. No. 1-5); *see also Adv. Indicator & Manuf., Inc.*, 50 F.4th at 474–75. Therefore, the deadline to remove the case was January 12, 2026.[1] Allstate filed its Notice of Removal on January 9, 2026, making the removal timely. (Dkt. No. 1). As a result, Plaintiffs' Motion to Remand must be denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, (Dkt. No. 5), is **DENIED**. Dustin Cloud is **DISMISSED** for improper joinder.

It is SO ORDERED.

---

[1]   The 30-day deadline fell on Saturday, January 10, 2026, so the deadline is extended to the following Monday. *See* Fed. R. Civ. P. 6(a)(1)(C).

Signed on June 23, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**